**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
Case No. 1:26-cv-25411

| | |
|---|---|
| **NINGBO DIANAI PLASTIC CO., LTD.,**<br>　　Plaintiff,<br><br>v.<br><br>**THE INDIVIDUALS, CORPORATIONS,<br>LIMITED LIABILITY COMPANIES,<br>PARTNERSHIPS, AND UNINCORPORATED<br>ASSOCIATIONS IDENTIFIED ON SCHEDULE<br>"A",**<br>　　Defendants. | **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Ningbo Dianai Plastic Co., Ltd. ("Plaintiff" or "Ningbo Dianai"), by and through undersigned counsel, files this Complaint against the Defendants identified on Schedule "A" attached hereto (collectively, "Defendants"), and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 et seq., and in particular 35 U.S.C. §§ 271, 281, 283, 284, and 285.

2. Plaintiff is the owner by assignment of United States Patent No. 11,896,791 B2, entitled "Anus Cleaner" (the "'791 Patent"), which claims a novel anti-backflow anal/enema cleaning device employing a dual (steel-ball and spring) check-valve structure. A true and correct copy of the '791 Patent is attached as Exhibit 1.

3. Defendants are individuals, business entities, and unincorporated associations that, upon information and belief, reside or operate in the People's Republic of China, Hong Kong, France, or other foreign jurisdictions, and that conduct business throughout the United States, including

1

within this District, through interactive commercial internet stores operating on e-commerce marketplace platforms such as Amazon and Walmart. Through those storefronts and listings, Defendants make, use, offer to sell, sell, and/or import into the United States products that infringe the '791 Patent (the "Accused Products").

4.   Because Defendants conceal their true identities, operate from abroad, frequently use aliases and multiple storefronts, and can readily move or dissipate assets and destroy records, Plaintiff seeks injunctive relief, an accounting, damages, and related equitable relief, and concurrently moves for expedited discovery, alternative service, and a temporary restraining order to preserve the status quo and the Court's ability to grant effective final relief.

## THE PARTIES

5.   Plaintiff Ningbo Dianai Plastic Co., Ltd. is a company organized and existing under the laws of the People's Republic of China, with a principal place of business in Zhejiang Province, China. Plaintiff is the owner of all right, title, and interest in and to the '791 Patent.

6.   Defendants are the individuals, corporations, limited liability companies, partnerships, and unincorporated associations identified on Schedule "A", each of which operates one or more of the seller storefronts and/or product listings identified on Schedule "A" (each, a "Seller Alias"). Defendants' identities, and the full scope of their operations, are not presently known because Defendants conceal that information; the storefronts and listings identified on Schedule "A" reflect the information reasonably available to Plaintiff following investigation.

7.   Upon information and belief, Defendants are not authorized or licensed by Plaintiff to make, use, offer to sell, sell, or import products embodying the invention claimed in the '791 Patent, and Defendants have not been assigned any rights in the '791 Patent.

2

8. Upon information and belief, certain Defendants are related to, affiliated with, or acting in concert with one another, including by operating multiple Seller Aliases from common addresses or corporate registrants, using common product sources and listing content, and coordinating their conduct to evade enforcement.

## JURISDICTION AND VENUE

9. This action arises under the patent laws of the United States, 35 U.S.C. § 1 et seq. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. This Court has personal jurisdiction over each Defendant. Each Defendant, directly or through agents and instrumentalities, operates one or more interactive commercial internet stores through which it markets, advertises, offers to sell, sells, and ships the Accused Products to consumers in the United States, including residents of the State of Florida and this District. Each Defendant has purposefully directed its infringing activities at Florida and this District, has transacted business in Florida, and has committed acts of patent infringement in Florida, and the claims asserted herein arise directly out of those contacts. The exercise of personal jurisdiction over Defendants comports with due process.

11. To the extent any Defendant is not subject to the general jurisdiction of the courts of any single state, this Court has personal jurisdiction over that Defendant pursuant to Federal Rule of Civil Procedure 4(k)(2), because Plaintiff's claims arise under federal law and each such Defendant has sufficient aggregate contacts with the United States as a whole, including by selling and offering to sell the Accused Products throughout the United States.

12. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c)(3), and 1400(b). Each Defendant is, upon information and belief, an alien not resident in the United States and therefore may be sued in any judicial district, including this one, under 28 U.S.C. § 1391(c)(3). In

addition, a substantial part of the events giving rise to Plaintiff's claims—including Defendants' offers to sell and sales of the Accused Products to consumers in this District—occurred in this District.

## FACTUAL ALLEGATIONS

### A. The '791 Patent

13.   On February 13, 2024, the United States Patent and Trademark Office duly and lawfully issued the '791 Patent, entitled "Anus Cleaner," naming Haiyong Ruan as inventor and Ningbo Dianai Plastic Co., Ltd. as assignee. The '791 Patent issued from U.S. Application No. 17/375,001, filed July 14, 2021, and claims priority to German Application No. 202020105434.1, filed September 23, 2020.

14.   Plaintiff owns all right, title, and interest in and to the '791 Patent, including the right to sue for and recover damages for past, present, and future infringement, and the right to seek and obtain injunctive relief.

15.   The '791 Patent is presumed valid under 35 U.S.C. § 282.

16.   The '791 Patent claims, among other things, an anus cleaner comprising a hollow bottle body having a curved bottle bottom with a through hole in which a steel-ball check valve is installed; a threaded bottleneck fitted with a cleaning head mounted on a mounting table; a cleaning neck with a flow channel and liquid outlet; and a spring check valve at the center of the bottom of the mounting table that communicates with the flow channel, together forming a double check-valve structure that prevents the backflow of liquid and thereby avoids contamination and secondary infection during use.

**B. Defendants' Infringing Conduct**

17.   Defendants, without authorization or license from Plaintiff, make, use, offer to sell, and/or sell within the United States, and/or import into the United States, the Accused Products, which embody the invention claimed in one or more claims of the '791 Patent, including at least claim 1.

18.   The Accused Products are marketed and sold by Defendants through the Seller Aliases identified on Schedule "A" under descriptions such as "back flow," "anti-backflow," "enema," "anal douche," and "cleaner," and are advertised as reusable anti-backflow cleaning devices that incorporate the same dual check-valve, anti-regurgitation structure claimed in the '791 Patent.

19.   Upon information and belief, the Accused Products are manufactured abroad and imported into the United States, and are offered for sale and sold to consumers in this District and throughout the United States through Defendants' interactive commercial internet stores.

20.   A claim chart comparing representative Accused Products to at least claim 1 of the '791 Patent, together with representative screen captures of Defendants' storefronts and listings, is or will be provided in support of Plaintiff's concurrently filed motion for a temporary restraining order.

21.   Upon information and belief, Defendants operate from foreign jurisdictions, conceal their identities and the location and extent of their assets, use aliases and multiple storefronts, and maintain the ability to rapidly transfer or dissipate assets and to delete or conceal records of their infringing activities.

22.   Defendants' infringing conduct has caused, and unless enjoined will continue to cause, immediate and irreparable harm to Plaintiff for which there is no adequate remedy at law.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 11,896,791 B2 (35 U.S.C. § 271)

23.   Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

24.   Each Defendant has infringed and continues to infringe, directly, one or more claims of the '791 Patent, including at least claim 1, in violation of 35 U.S.C. § 271(a), by making, using, offering to sell, and/or selling the Accused Products within the United States, and/or importing the Accused Products into the United States, without Plaintiff's authorization.

25.   Each Accused Product embodies every limitation of at least claim 1 of the '791 Patent, literally or under the doctrine of equivalents, including a hollow bottle body, a curved bottle bottom with a steel-ball check valve, a threaded bottleneck, a cleaning head mounted on a mounting table, a cleaning neck with a flow channel and liquid outlet, and a spring check valve communicating with the flow channel.

26.   Defendants' infringement has been and continues to be without license or authorization from Plaintiff.

27.   Upon information and belief, Defendants' infringement is and has been willful, deliberate, and in knowing disregard of Plaintiff's patent rights, rendering this an exceptional case and entitling Plaintiff to enhanced damages under 35 U.S.C. § 284 and attorneys' fees under 35 U.S.C. § 285.

28.   As a direct and proximate result of Defendants' infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial, but in no event less than a reasonable royalty under 35 U.S.C. § 284.

29. Defendants' continuing infringement has caused and will continue to cause Plaintiff immediate and irreparable injury for which Plaintiff has no adequate remedy at law, and Plaintiff is entitled to preliminary and permanent injunctive relief under 35 U.S.C. § 283.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against each Defendant as follows:

A. Adjudging that each Defendant has infringed the '791 Patent in violation of 35 U.S.C. § 271;

B. Preliminarily and permanently enjoining each Defendant, and all those acting in concert with them, from making, using, offering to sell, selling, or importing the Accused Products and any other products that infringe the '791 Patent, and from continuing to list, advertise, or offer such products through any online marketplace, pursuant to 35 U.S.C. § 283;

C. Directing the online marketplace platforms, payment processors, and other third parties in active concert or participation with Defendants to cease facilitating Defendants' infringing activities, including by disabling the infringing listings and Seller Aliases identified on Schedule "A";

D. Awarding Plaintiff damages adequate to compensate for Defendants' infringement pursuant to 35 U.S.C. § 284, in no event less than a reasonable royalty, together with an accounting;

E. Finding Defendants' infringement willful and awarding enhanced damages up to three times the amount found or assessed under 35 U.S.C. § 284;

F. Entering an order restraining the transfer of, and requiring an accounting of, Defendants' assets in financial accounts (including marketplace, payment-processor, and bank accounts) to the extent necessary to preserve the Court's ability to award effective final relief;

G. Declaring this an exceptional case and awarding Plaintiff its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

H. Awarding Plaintiff its costs and pre-judgment and post-judgment interest;

I. Ordering the impoundment, recall, and/or destruction of infringing inventory in Defendants' possession, custody, or control; and

J. Granting such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all issues so triable.

Dated: August 11, 2026

Respectfully submitted,

/s/ Cole Carlson
Cole Carlson
Florida Bar No. 112874
CARLSON IP LAW, LLC
412 E. Madison Street, Suite 821
Tampa, Florida 33602
Telephone: (813) 445-5175
Email: cole@carlsoniplaw.com

*Counsel for Plaintiff*
*Ningbo Dianai Plastic Co., Ltd.*